UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIERRA SHANTA MARTIN,<br>on behalf of K.B., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  No. 4:19-cv-3082-JCH<br>) |
| ROBERT L. SWEARINGEN, | )<br>) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Kierra Shanta Martin[1] for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does

---

[1] This case is one of 5 that plaintiff has brought pro se and in forma pauperis in this Court since February 25, 2019, and is the second that plaintiff has brought against this same defendant. *See Martin v. Swearingen,* No. 4:19-cv-314-HEA (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Bennett,* 4:19-cv-315-SNLJ (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Dunne*, No. 4:19-cv-541-HEA (E.D. Mo. Mar. 19, 2019); *Martin v. Bennett*, No. 4:19-cv-2933-NCC (E.D. Mo. Oct. 29, 2019).

1

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings the instant action against one Robert L. Swearingen, who plaintiff indicates is an attorney with Legal Services of Eastern Missouri (also "LSEM"). Plaintiff avers

that she and Mr. Swearingen are Missouri citizens. She avers this Court has federal question jurisdiction over her claims, which she identifies as "Negligence, legal malpractice, emotional distress, intentional infliction emotional distress." (ECF No. 1 at 3). She also states that LSEM is a federal agency.

For her statement of claim, plaintiff writes that in 2017 she "got defraud and illegal enriched" and suffered "emotional distress pain and suffering" when Mr. Swearingen "legally represent me fill the correct information with the courts to fix the judgment that was put on my name due to writ of error." *Id.* at 5. Plaintiff seeks a total of $15,000 in damages.

The allegations in the complaint are duplicative of those in *Martin v. Swearingen,* No. 4:19-cv-314-HEA (E.D. Mo. Feb. 25, 2019). There, plaintiff alleged she sought legal services from Mr. Swearingen in 2017, and he caused her emotional distress because he failed to carefully handle her case. On May 8, 2019, the Court dismissed the action upon initial review.

**Discussion**

This action will be dismissed for want of jurisdiction. This Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because plaintiff's claims do not arise under the Constitution or laws of the United States. Plaintiff does not allege that any of her federally-protected rights were violated, nor does she allege that Mr. Swearingen acted under color of state law or took any action that could be "fairly attributable to the State" as required to state a claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) and *Lugar v. Edmondson Oil Co., Inc*. 457 U.S. 922, 937 (1982). This Court also lacks jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiff's claims are premised entirely upon state law, and

she clearly avers that she and the defendant are domiciled in Missouri and she seeks relief in an amount below the jurisdictional threshold.

Even if this Court had jurisdiction over plaintiff's claims, this action would be dismissed. First, the complaint fails to state a plausible claim for relief because plaintiff has failed to plead facts that would allow this Court to reasonably infer that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Second, this action is duplicative of *Martin v. Swearingen,* No. 4:19-cv-314-HEA, and that dismissal has res judicata effect on the frivolousness determination of this in forma pauperis complaint. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Finally, plaintiff appears to attempt to bring this action on behalf of another person, which is impermissible. While federal law authorizes plaintiff to plead and conduct her own case personally, 28 U.S.C. § 1654, she is not a licensed attorney and therefore may not represent another individual in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

Dated this 13th day of November, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE